Valley Greene Associates, Appellant *v.* The Board of Supervisors of Tredyffrin Township, Appellee.

Argued June 5, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and PALLADINO.

*William R. Hagner, Hagner & Williams,* for appellant.

*John S. Halsted, Gawthrop, Greenwood & Halsted,* for appellee.

OPINION BY JUDGE CRAIG, August 1, 1984:

Valley Greene Associates appeals from a decision of the Court of Common Pleas of Chester County, which dismissed Valley Greene's appeal from a decision of the Board of Supervisors of Tredyffrin Township. The board had rejected Valley Greene's proposed curative amendment to the township's zoning ordinance.

We must determine whether the zoning ordinance's provision for twin dwellings has an exclusionary, and therefore unconstitutional, effect. Valley Greene contends that the ordinance is exclusionary because (1) it allocates too little of the available area for twin-dwelling development, (2) the area zoned for twins is so fully developed that the practical opportunity for new twin construction does not exist, and (3) the minimum area requirement for each twin dwelling is unduly restrictive.[1]

Valley Greene presented essentially the same contentions to the court of common pleas, and, persuaded by Judge GAWTHROP, III's thorough analysis,[2] we af-

---

[1] Valley Greene also argued that twins are not the equivalent of multiple dwellings and apartments under the ordinance and, therefore, that twins are not a permitted use in the areas designated for those purposes. Because the trial court resolved that issue in Valley Greene's favor, and the township has not cross-appealed, we need not address that question here.

[2] We note a minor miscalculation in the computation of the number of additional units the present zoning allows. If the sixty acres available for twin development were developed to maximum density (4.3/acre), the area could accommodate 219 new units (even with 15% of the area devoted to roads, rights-of-way and other miscellaneous uses), a figure clearly in excess of the projected demand.

firm on the basis of his capable opinion in *Valley Greene Associates v. Board of Supervisors of Tredyffrin Township,* Pa. D. & C.3d (1983).

### ORDER

Now, August 1, 1984, the order of the Court of Common Pleas of Chester County, dated February 17, 1983, is affirmed.

---

We also note that Valley Greene's second contention, that the area zoned for twins is currently too developed for additional units, is essentially an economic argument, *i.e.* the cost per acre of the available land is too high to make such development economically feasible. Valley Greene was unable to supply precedent for the position that an ordinance is exclusionary because the land zoned for a specific use is near a highly developed area, and therefore, relatively expensive to acquire.